IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Timothy L. VanDerHorst, | ) | C/A No. 2:17-2406-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Officer Shaver, *Police Officer*; Mt. Pleasant Police Dept., *5 unknown Mt. Pleasant Police Officers*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Timothy L. VanDerHorst, proceeding *pro se*, brings this civil rights action against the defendants. (ECF No. 1.) The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes the matter should be summarily dismissed without prejudice and issuance and service of process.

**I.     Factual and Procedural Background**

Plaintiff claims "several counties" have been monitoring him by GPS "for months" and emergency vehicles are following him. (ECF No. 1 at 5.) He also claims a "civilian" told him he was going to jail, and a "racist organization is paying to have this done" to him. (Id.) Plaintiff attempts to assert federal question jurisdiction over this matter by citing to several clauses of the United States Constitution. Plaintiff requests a restraining order against several South Carolina municipal police departments because he claims his life is in jeopardy. He also seeks an award of damages for medical bills, defamation, mental duress, and coercion by the police.

*PJG*

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

*PJG*

**B.     Analysis**

The court finds Plaintiff's Complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief can be granted.  Plaintiff's allegations fail to form a coherent cause of action that could be construed by the court.  See Weller, 901 F.2d at 391.  To the extent he claims the defendants are monitoring him by GPS in violation of the Fourth Amendment's prohibition on unreasonable searches, Plaintiff fails to allege facts that would plausibly show either defendant is personally involved.  See Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (stating § 1983 requires personal involvement of the defendants).  Such a claim would also fail because Plaintiff fails to allege that any purported search was done illegally—without probable cause or a warrant.  See generally Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973).[1]

**III.     Conclusion**

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.[2]

_____
September 28, 2017                                                          Paige J. Gossett
Columbia, South Carolina                                     UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

---

[1] The court also notes Defendant Mt. Pleasant Police Department is not a "person" amenable to suit pursuant to § 1983 because it is not an individual or a corporate or political entity.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see, e.g., Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983.").

[2] The court notes that Rule 15 of the Federal Rules of Civil Procedure allows for amendments to pleadings where the original pleading is defective.  See Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010) (holding a plaintiff may amend his pleading to add a party without the leave of court where the plaintiff has not yet amended as a matter of right, and the defendant has not filed a responsive pleading).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).