UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Timothy L. VanDerHorst, | ) | Case No.: 2:17-cv-2406-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Officer Shaver, *Police Officer*; Mt. Pleasant | ) | |
| Police Dept., *5 unknown Mt. Pleasant Police* | ) | |
| *Officers*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 9) recommending that this Court summarily dismiss Plaintiff's Complaint. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. Plaintiff's Complaint is dismissed without prejudice and without issuance of service of process.

I. **Legal Standards**

   a. *Pro Se* **Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Absent any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## II. Discussion

In his Complaint, Plaintiff claims that "several counties" have been monitoring him by GPS "for months," and emergency vehicles are following him. (Dkt. No. 1 at 5.) He also claims a "civilian" told him he was going to jail, and a "racist organization is paying to have this done" to him. (*Id.*) Plaintiff attempts to assert federal question jurisdiction over this matter by citing to several clauses of the United States Constitution. Plaintiff requests a restraining order against several South Carolina municipal police departments because he claims his life is in jeopardy. He also seeks an award of damages for medical bills, defamation, mental duress, and coercion by the police.

In the R. & R., the Magistrate Judge recommends that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief can be granted. (Dkt. No. 9 at 3.) The Magistrate Judge explained that

Plaintiff's allegations fail to describe a cause of action that could be construed by this Court. *See Weller*, 901 F.2d at 391. To the extent he claims the defendants are monitoring him by GPS in violation of the Fourth Amendment's prohibition on unreasonable searches, Plaintiff fails to allege facts that would plausibly show either defendant is personally involved. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (stating § 1983 requires personal involvement of the defendants). Such a claim would also fail because Plaintiff fails to allege that any purported search was done illegally—without probable cause or a warrant. *See generally Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973).

Plaintiff has filed Objections to the R. & R. (Dkt. No. 11.) In his Objections, Plaintiff restates the allegation that he is being followed by local law enforcement for a racist organization along with several other allegations, including that he has been woken up by law enforcement while in the park and that he was banned from a homeless shelter. Plaintiff's Objections, like the allegations in his Complaint, fail to allege facts sufficient to sustain any claim for relief in connection with any of the apparently unconnected events he describes. Plaintiff's pleadings suggest that he has had negative interactions with law enforcement, but they do not cohere to form a legal claim for relief even when liberally construed in accordance with this Court's policy on *pro se* pleadings. For these reasons, the Court finds that the Magistrate has correctly applied the controlling law to the facts of this case.

### III. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 9) as the order of the Court. Plaintiff's Complaint is dismissed without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October __23__, 2017
Charleston, South Carolina